Per curiam

After argument, by Williams for the Plaintiff, ami Davie for the Defendant. If Powell was not authorised to arrest, and did arresi, and then suffered him to go at large, the action will not lie. If he had any authority to arrest it must be by force of the warrant ■ — this is plain from considering the reason why the law requires a warrant in writing at all. It requires it, that the officer may be directed precisely7 what to do, that he may know how far lie ought to go, and that he may produce it in his justification, when questioned for what he has done under it. The Jaw will not permit that an officer shall proceed to arrest a man, and deprive him of his liberty, unless pursuant to an authority given him for that purpose. If he was permitted to act without a warrant in wi'iting, he might mistake the verbal precept of the magistrate, and do either more or less than he. was commanded. From the uncertainty of verbal directions, and owing to the not recollecting the precise terms of them, he might easily act otherwise than intended. For the benefit of the citizen therefore, that he may at all times be able to call upon the officer to produce his authority, and to see precisely what it was, the law established the necessity of a written warrant. Any thing contained in ■the directions of the magistrate, or of the Plainliff, that is not contained in the warrant, is no authority upon which the officer can act. This warrant, in the present ease, is not such an one, as can in law justify the arrest_ The act of 1786, directs that where the sum is over five pounds, the constable shall arrest, and hold to bail. It *456 should appear in the warrant that the sum is over five pounds, otherwise he cannot ariesf. This warrant does not. state that the sum demanded was over five pounds;, but only that, it was under twenty. It might, be also under five, and therefore the arrest was illegal, and releasing the Defendant in the warrant was proper and what he ought to have done. The Plaintiff was nonsuited,.
Note. —Vide Ellis v. Gee, 1 Murph. 445.